# United States District Court

## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| DION KIPP | § | |
| | § | |
| v. | § | CASE NO. 3:17-CV-67-S |
| | § | |
| CAPTAIN CHUCK LAUBACH et al. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Dion Kipp's ("Plaintiff") First and Second Motions to Compel and for Sanctions (the "Motions") [ECF Nos. 107, 115]. The Court held a hearing on the pending Motions on May 10, 2019.[1] For the reasons that follow, the Court denies the Motions.

## I. MOTIONS TO COMPEL

Federal Rule of Civil Procedure 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34. *See* FED. R. CIV. P. 37(a)(3)(B)(iv). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id.* 37(a)(4).

The party resisting discovery "must show specifically how . . . each [discovery request] is not relevant or how each [request] is overly broad, burdensome[,] or oppressive." *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (first alteration in original) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)). To show that the requested discovery was overly broad, burdensome, or oppressive, the party resisting discovery must submit affidavits or offer evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (citations omitted).

---

[1] The Court summarized the facts of this case in its prior Memorandum Opinion and Order and will not repeat the facts here. *See Kipp v. Laubach*, Civ. A. No. 3:17-CV-67-S, 2018 WL 5981995, at *1 (N.D. Tex. Nov. 14, 2018).

## A.  *Disputes Resolved at the Hearing*

At the May 10, 2019, hearing on the pending Motions, the parties represented to the Court that they reached an agreement as to Interrogatories to Captain Chuck Laubach ("Laubach") Nos. 5, 16, and 21, and Requests for Production to Ellis County Nos. 63, 65, 69, 70, 79, 81, 83, 91, and 92.  Consequently, the Court denies the Motions as to these interrogatories and requests for production as moot.

Additionally, the Court addressed Defendants' objections to Request for Production to Ellis County No. 75 and Interrogatories to Laubach Nos. 18, 19, and 20.  The Court sustains the objections to these requests and interrogatories for the reasons stated on the record and, therefore, denies the Motions as to these requests and interrogatories.

## B.  *Interrogatories Nos. 1(a) and 17*

Plaintiff argues that Defendants' responses to Interrogatory to Ellis County No. 1(a) and Interrogatory to Laubach No. 17 are incomplete. *See* First Mot. to Compel 2-3, 4; Second Mot. to Compel 2-4.  A court may compel a party to respond to an interrogatory if the court determines that the original response was evasive or incomplete. *See* FED. R. CIV. P. 37(a)(3)(B)(iv), (a)(4). After hearing the parties' arguments at the May 10, 2019, the Court was satisfied with Defendants' efforts and found that their responses to these interrogatories were not deficient.  Nonetheless, the Court ordered Defendants to review their prior discovery efforts, question appropriate witnesses again, and file a supplemental response to the pending Motions documenting their attempts. Defendants followed the Court's order, *see* Defs.' Supp. Resp. 3-4, and the Court is satisfied that Defendants' responses to Interrogatory to Ellis County No. 1(a) and Interrogatory to Laubach No. 17 are complete.  Consequently, the Court denies the Motions as to these interrogatories.

## C. *Requests for Production Nos. 44, 45, 72, and 73*

In Requests for Production to Ellis County Nos. 44, 45, 72, and 73, Plaintiff requested "all documents and recordings concerning any [Apprehension by a Peace Officer Without Warrant ('APOWW')] issued by any officer of Ellis County," complaints about such APOWWs, and documents concerning seizure of any person pursuant to such APOWW. *See* First Mot. to Compel Ex. C at 13-14, 21-22. Ellis County objected to these requests because it "does not maintain files for APOWWs and therefore does not have responsive documents." Defs.' Supp. Resp. 1; *see also id.* Ex. A ¶ 3. In a sworn declaration, Ellis County further states that "the Sheriff's Office does not have the ability to search the mental health docket [of the County Clerk] without a written court order by the County Judge." *Id.* Ex. A ¶ 4. A court cannot compel a party to produce documents it cannot produce. *See ORIX USA Corp. v. Armentrout*, No. 3:16-mc-63-N-BN, 2016 WL 4095603, at *5 (N.D. Tex. Aug. 1, 2016) (citations omitted). In light of these sworn declarations, the Court denies the Motions as to Requests for Production to Ellis County Nos. 44, 45, 72, and 73.

## II. MOTIONS FOR SANCTIONS

Because the Court denies the Motions to Compel, the Court also denies the Motions for Sanctions. *See* FED. R. CIV. P. 37(d) (explaining that sanctions are appropriate only if a party did not comply with a proper discovery request).

## III. CONCLUSION

For the reasons discussed above, the Court denies the Motions in their entirety.

**SO ORDERED.**

SIGNED July ⁄7, 2019.

KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE